**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMIN WASHINGTON,**<br><br>                    Plaintiff,<br><br>v.<br><br>**INTERSTATE FIRE & SAFETY EQUIPMENT COMPANY, INC.,** and<br>**WILLIAM M. BARNES, JR.,** an individual,<br><br>                    Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No.  7:22-cv-_____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Amin Washington worked as a service technician for Defendants' fire safety company for over twenty years. During this time, Plaintiff should have been paid prevailing wages for his work on various government projects, some of which at overtime rates. Specifically, Plaintiff should have been paid at an hourly rate of around $100. Instead, he was paid at a rate of $16.75 per hour. Defendants acknowledged this and paid Plaintiff a couple of years' worth of backpay. However, they did not include anything extra such as liquidated damages for that period, and Plaintiff completed a significant amount of prevailing wage work prior to that period for which hee was never properly compensated.

2. After he complained about the Defendants' failure to pay him for all of the prevailing wage backpay owed, the Defendants accused him of failing to train customers (which was not part of his job and never had been) and, after more than 20 years of work, let him go.

3. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Interstate Fire & Safety Equipment Company, Inc., and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

William M. Barnes, Jr., an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). He also brings associated state law claims of third party beneficiary claims, unjust enrichment, and conversion.

4. Plaintiff also alleges that Defendant violated the anti-retaliation provisions of the FLSA and NYLL by terminating him in response to his complaints regarding the employer's wage underpayments.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 75 Calvert St. in Harrison, New York, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Interstate Fire & Safety Equipment Company, Inc.**

8. Defendant **Interstate Fire & Safety Equipment Company, Inc.** is a New York corporation doing business within Westchester County, whose principal place of business

is located at 75 Calvert St. in Harrison, NY. Its DOS Process agent is listed with the NYS Department of State as William M. Barnes Jr. with an address of 464 North Main St. Portchester, NY 10573.

9. Defendant Interstate Fire & Safety Equipment Company, Inc. operates a fire safety business located at 75 Calvert St. in Harrison, NY.

10. At all relevant times, Defendant Interstate had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant Interstate was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all times material to this action, Defendant Interstate was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

13. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

**Defendant William M. Barnes, Jr.**

14. Defendant William M. Barnes, Jr., an individual, resides at 464 North Main St. Portchester, NY 10573, Westchester County, upon information and belief.

15. At all times material to this action, Defendant Barnes actively participated in the business of the corporation.

16. At all times material to this action, Defendant Barnes exercised substantial control over the functions of the company's employees including Plaintiff. He hired Plaintiff, fired him, set his rates of pay, and directed his work activities.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 3

17. At all times material to this action, Defendant Barnes was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

18. Defendant Barnes has an ownership interest in and/or is a shareholder of Interstate Fire .

19. Defendant Barnes is one of the ten largest shareholders of Interstate Fire.

**Plaintiff Amin Washington**

20. Plaintiff Amin Washington is a resident of Cortlandt, New York, which is in Westchester County.

21. At all times material to this action, Plaintiff Washington was an "employee" within the meaning of 29 U.S.C. § 203(e).

22. As a service technician, Plaintiff's duties and responsibilities consist of installing and maintaining industrial fire suppression systems.

23. Plaintiff's primary supervisor is Defendant Barnes.

24. Plaintiff Amin Washington worked for Defendant Interstate as a service technician from about September 1, 2001 to March 28, 2022.

25. While working in this capacity, Plaintiff Washington was expected to record time worked by logging his time on a sheet at the job sites. These records are or should be in the custody or control of the Defendants and/or other entities.

26. Thought it varied, Washington estimates that generally he worked approximately 40-45 hours per week. He typically started work at 8:00 A.M. and stopped work at 4:30 P.M., five days per week, but sometimes he would start earlier, stay later, and/or work on the weekend.

27. While in this position, Plaintiff Washington's pay scheme was on an hourly basis.

28. Toward the end of his employment, Plaintiff Washington's rate of pay was $16.75 per hour.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 4

29. Prior to 2022 when he received some amount as back pay, Plaintiff had never been paid for prevailing wage work at a prevailing wage rates.

30. Defendants also did not pay Plaintiff Washington at a rate of one and one half times his correct hourly rate for all hours over forty worked in the workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

32. Defendants failed to compensate Plaintiff at a rate of one and one half times his correct normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Willful & Not Based On Good Faith & Entitlement to Damages*

33. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

34. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

35. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### FLSA – RETALIATION

36. Plaintiff realleges and incorporates by reference each allegation contained in the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 5

paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

37. Toward the end of his employment, it came to the Plaintiff's attention, via a third party,

38. that he should have been receiving prevailing wages for labor that he has completed in various government worksites on behalf of Defendants. The company acknowledged this and began paying Mr. Washington back for a couple years' worth of backpay (albeit nothing for liquidated damages).

39. However, Plaintiff had done prevailing wage work prior to the period for which he received some backpay, and complained about the underpayment to Defendant Barnes.

40. At least some of the work Plaintiff did for which he was underpaid was overtime work.

41. Shortly thereafter, Defendant Barnes accused the Plaintiff of having failed to train customers as to the proper use of certain fire alarm equipment.

42. Plaintiff is a technician whose job for Defendants was to install equipment. Plaintiff is not trained to, or certified to, instruct others as to the use of the fire alarm equipment, nor had he ever been required to provide training to others. In fact, he was concerned that if he did provide training that doing so might subject himself and/or the company to liability in the event the information he had provided were not up to proper standards.

43. Plaintiff, through counsel, issued a "demand letter" regarding the wage underpayments on or about January 7, 2022.

44. Defendants terminated Plaintiff's employment on or about March 25, 2022.

45. Defendants cited as their reason for the separation his alleged failure and/or refusal to conduct the training, but this was a "cover story" for terminating him in retaliation for his insistence on being paid the wages he was lawfully owed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 6

46. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

47. Plaintiff's termination from employment was an adverse employment action.

48. Plaintiff's termination from employment was causally connected to his inquiries regarding the alleged wage underpayments.

49. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

50. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Third Cause of Action:
### PREVAILING WAGE (THIRD PARTY BENEFICIARY) CLAIMS

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

52. Defendants have entered into various contracts agreeing to serve as contractors or subcontractors for contractors having public works contracts public entities, such as schools.

53. Federal, state and/or city funds pay for these public works contracts.

54. Plaintiff performed the work on behalf of Defendants.

55. Without the labors of Plaintiff, Defendants would not have been able to fulfill their contractual obligations.

56. Plaintiff was third party beneficiaries of the contracts.

57. Plaintiff was entitled to receive prevailing wages for his.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 7

58. Defendants failed to pay Plaintiff the proper prevailing wages for the work he performed under these contracts.

### As And For A Fourth Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Owed Wages*

61. Defendants paid Plaintiff at a rate less than the proper prevailing wage rate.

62. In so doing, Defendants made deductions from the wages of Plaintiff other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

*Failure To Pay Overtime*

63. Defendants failed to compensate Plaintiff at a rate of one and one half times any, much less the proper, "regular rate" for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure To Pay Wages At Prescribed Frequency*

64. The timing and frequency of Plaintiff's pay was improper.

65. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

66. Plaintiff was not consistently paid for his full amount owed at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

67. Because the employer failed to pay full wages and/or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Washington v. Interstate Fire & Safety Equipment Company, Inc.
USDC, Southern District of New York

Complaint
Page 8

*Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960).

### *Failure to Provide Wage Notices*

68. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

### *Damages*

69. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, statutory damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Fifth Cause of Action:
#### CONVERSION

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. Plaintiff, as a third party beneficiary of prevailing wage contracts, had a lawful right to be paid at prevailing wage rates for his work.

72. Defendants intentionally failed to pay Plaintiff at or above the prevailing wage rates applicable to him.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

73. By their deliberate underpayment Defendants committed theft of the balance of Plaintiff's owed wages.

74. For the civil aspect of this theft, Plaintiff is entitled to receive conversion damages in an amount to be determined at trial.

### As And For A Sixth Cause of Action:
### UNJUST ENRICHMENT

75. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

76. Defendants entered into lucrative contracts with the government that contained requirements to pay workers at prevailing wage rates.

77. By retaining the full contractual amounts and not paying the workers the full extent of the prevailing wages that they should have Defendants were unjustly enriched.

### As And For A Seventh Cause of Action:
### NYLL RETALIATION

78. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

79. By complaining hiw wage underpayments to Defendant Barnes, Plaintiff engaged in an activity protected under NYLL § 215(2).

80. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 10

81. As a result of these violations the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff third party beneficiary, conversion, and/or unjust enrichment damages;

(E) Award Plaintiff appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 11

Respectfully submitted, this 18th day of **July, 2022.**

                                                  ANDERSONDODSON, P.C.

                                                  */s/ Penn Dodson*

                                                  **Penn A. Dodson (PD 2244)**
                                                  *penn@andersondodson.com*
                                                  11 Broadway, Suite 615
                                                  New York, NY  10004
                                                  (212) 961-7639

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Washington v. Interstate Fire & Safety Equipment Company, Inc.*
USDC, Southern District of New York

Complaint
Page 12