UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AMIN WASHINGTON,
               Plaintiff,

v.

INTERSTATE FIRE & SAFETY EQUIPMENT
COMPANY, INC., and WILLIAMS BARNES,
an individual.,
               Defendants.
--------------------------------------------------------------x

**ORDER**

22 CV 6115 (VB)

10/27/23

      On October 20, 2023, the parties jointly filed an executed settlement agreement in this FLSA case as well as a motion for approval of the settlement (Doc. #47), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Court has reviewed the parties' submissions and declines, at this time, to approve the proposed settlement agreement.

      The Court notes this settlement was reached with the assistance of a neutral mediator and that there exist bona fide disputes regarding both liability and damages.

      However, the mutual general release contained in Section V of the settlement agreement is overbroad. The parties effectively release all claims of any kind they may have had against each other under any conceivable legal theory or statute "from the date of the beginning of the world to the effective date of this Agreement." (Doc. #47-1). "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 at 206)). And although courts do often approve broader releases in cases involving non–wage and hour claims, the

1

proposed release here is too broad to be considered fair and reasonable, at least without a more fulsome explanation for same.

Further, the settlement agreement provides for the payment of attorneys' fees, and the motion for approval states that the fees are less than the amount to which plaintiff agreed in his retainer agreement and less than the "amount of time computed on a lodestar basis" (Doc. #47)—but plaintiff's counsel failed to submit the retainer agreement or billing records documenting the basis for such fees. "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). To aid the Court in evaluating the contemplated fees, counsel must submit the retainer agreement and contemporaneous billing records documenting the hours expended and the nature of the work done. Id. Without the retainer agreement and the billing records, the Court is unable to evaluate the fairness of the proposed settlement.

Accordingly, by November 13, 2023, the parties shall (i) file either a revised proposed settlement agreement that modifies the mutual general release contained in Section V of the agreement or a further explanation of the benefits plaintiff will receive in exchange for such a broad release, and (ii) submit plaintiff's retainer agreement and contemporaneous billing records demonstrating that the proposed attorney's fee award is fair and reasonable.

Dated: October 27, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge